LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB# 3586
Chief of Civil Litigation Division

LESLIE M. HAYES, ISB#7995
Deputy Attorney General
Civil Litigation Division
Office of the Attorney General
954 W. Jefferson Street, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400
Fax:  (208) 854-8073
leslie.hayes@ag.idaho.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICTOR SALAZAR, | ) |
| | ) Case No. 1:16-cv-00041-REB |
| Plaintiff, | ) |
| | ) **STATEMENT OF UNDISPUTED** |
| | ) **MATERIAL FACTS** |
| v. | ) |
| | ) |
| RANDY BLADES; DAVINA LAU; DEPUTY | ) |
| WARDEN CHRISTIANSON[1]; IDOC | ) |
| INVESTIGATOR BONGIVI[2]; IDOC | ) |
| INVESTIGATOR MEISE[3]; and KEVIN KEMPF, | ) |
| | ) |
| Defendants. | ) |

---

[1] Correct spelling for this name is "Christensen."
[2] Correct spelling for this name is "Bongiovi."
[3] Correct spelling for this name is "Maes."

STATEMENT OF UNDISPUTED MATERIAL FACTS- 1

Defendants Randy Blades, Davina Lau, Deputy Warden Christensen, IDOC Investigator Bongiovi, IDOC Investigator Maes, and Kevin Kempf (collectively "Defendants") submit the following statement of material facts not in dispute pursuant to Dist. Idaho Loc. Civ. R. 7(b)(1):

1. Plaintiff alleges he was attacked by gang members at Idaho State Correctional Center ("ISCC") on December 3, 2014.[4] (Dkt. 3 at 2). After the attack he was transferred to Idaho State Correctional Institution ("ISCI"). (*Id.*). He was then moved back to ISCC on August 28, 2015, where he was allegedly attacked a second time by gang members. (*Id.*).

2. Plaintiff did not exhaust the administrative process for the Idaho Department of Correction ("IDOC"). And his claims related to the December 2014 and August 2015 attack were dismissed. (Dkt. 42 at 17).

3. Plaintiff alleges he was then attacked at Idaho Maximum Security Institution ("IMSI") on April 27, 2016 "by the same individuals or same organization." (Dkt. 43 at 5).

4. Salazar has a process available to him if he desires protective custody due to a threat to his personal safety. *Affidavit of Randy Blades in Support of Defendants' Second Motion for Summary Judgment* (Blades Aff."), ¶ 6, Ex. A, p. 10.

5. Plaintiff has not alleged that he has sought protective custody through IDOC's policy related to restrictive housing. Plaintiff has not alleged that he was denied protective custody after he made a request.

6. Plaintiff has never submitted a request for protective custody. (Dkt. 26-2 at 7). Plaintiff was informed that if he cannot live in general population he should request protective custody. (Dkt. 26-2 at 11, 27, 29).

---

[4] For purposes of this Motion only, Defendants will not contest some of the facts contained in Plaintiff's Prisoner Complaint and Amended Complaint. Defendants reserve the right to contest these facts at later stages in the proceeding if this matter is not dismissed.

STATEMENT OF UNDISPUTED MATERIAL FACTS- 2

7. Plaintiff did not inform Warden Blades of his concerns for his personal safety either through a personal conversation, concern form, or any other method of communication prior to the August 2015 "attack." (Dkt. 16-3, ¶¶3-4). Plaintiff did send Warden Blades a concern form in December 2015 where Warden Blades noted that there were no cautions or alerts for Plaintiff and if he felt he was at risk for harm he needed to contact investigations or his housing unit sergeant. (Dkt. 16-3 at 4).

8. Warden Blades is the Warden of Idaho State Correctional Center and worked in that capacity at all times relevant to Plaintiff's claims. *Blades Aff.*, ¶ 2.

9. Warden Blades was unaware of any danger posed to Salazar in April 2016. *Blades Aff.*, ¶3. He is not responsible for housing assignments or transfers at IMSI and did not make any decision related to Salazar. *Blades Aff.*, ¶4.

10. Plaintiff did not inform Deputy Warden Jay Christensen of his concerns for his personal safety either through a personal conversation, concern form, or any other method of communication prior to the August 2015 "attack." (Dkt. 16-5, ¶¶3, 6-7). The concern forms he sent in January 2016 and March 2016 did not provide any specific information related to his concerns at ISCC. (Dkt. 16-5 at 5-6).

11. Deputy Warden Christensen was unaware of any substantial danger that inmate Salazar faced at IMSI in April 2016. *Affidavit of Jay Christensen in Support of Defendants' Second Motion for Summary Judgment* ("Christensen Aff."), ¶3.

12. Deputy Warden Christensen makes no housing or placement decisions at IMSI. *Christensen Aff.*, ¶4.

STATEMENT OF UNDISPUTED MATERIAL FACTS- 3

13. Plaintiff did not inform Davina Lau of his concerns for his personal safety either through a personal conversation, concern form, or any other method of communication prior to the August 2015 "attack." (Dkt. 16-6, ¶4).

14. Davina Lau was not aware of any substantial danger that inmate Salazar faced at IMSI in April 2016 and she makes no housing decisions or placement decisions at IMSI. *Affidavit of Davina Lau in Support of Defendants' Second Motion for Summary Judgment*, ¶4.

15. Plaintiff did not inform Enrico Bongiovi of his concerns for his personal safety either through a personal conversation, concern form, or any other method of communication prior to the August 2015 "attack." (Dkt. 16-4, at ¶¶3-4).

16. Enrico Bongiovi spoke with Salazar following the August 2015 attack. *Affidavit of Enrico Bongiovi in Support of Defendants' Second Motion for Summary Judgment* ("Bongiovi Aff."), ¶3. Based on the information provided by Salazar in August 2015 there was no verifiable information that Salazar faced a threat to his safety at that time. *Bongiovi Aff.*, ¶5. For that reason, there was insufficient information to place an alert or caution in the IDOC computer system related to Salazar's safety. *Bongiovi Aff.*, ¶5.

17. Enrico Bongiovi did not work at IMSI in April 2016 and he makes not housing or placement decisions at IMSI. *Bongiovi Aff.*, ¶6-7. He was unaware of any substantial danger faced by Salazar in April 2016 at IMSI. *Bongiovi Aff.*, ¶6.

18. Plaintiff did not inform Dawn Maes of his concerns for his personal safety either through a personal conversation, concern form, or any other method of communication prior to the August 2015 "attack." (Dkt. 16-8, ¶3).

19. Dawn Maes was unaware of any substantial danger that Salazar faced in April 2016 at IMSI because she does not work at IMSI. *Affidavit of Dawn Maes in Support of Defendants'*

STATEMENT OF UNDISPUTED MATERIAL FACTS- 4

*Second Motion for Summary Judgment* ("Maes Aff."), ¶4. She makes not housing or placement decisions at IMSI. *Maes Aff.*, ¶5.

20. Plaintiff did not inform Director Kevin Kempf of his concerns for his personal safety. (Dkt. 3 at 7; Dkt. 43 at 16). Plaintiff has only been permitted to proceed against Director Kempf in his official capacity seeking injunctive relief and Plaintiff has not cured the defects noted in the Court's Initial Review Order. (Dkt. 8 at 6-7). Plaintiff has not sought injunctive relief against Director Kempf. (Dkt. 43 at 19-22).

DATED this 26th day of October, 2017.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By    */s/ Leslie M. Hayes*
      Leslie M. Hayes
      Deputy Attorney General

STATEMENT OF UNDISPUTED MATERIAL FACTS- 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

AND I FURTHER CERTIFY that on such date I mailed or served the foregoing to the following non-CMF/ECF Registered Participant via First Class U.S. Mail, postage prepaid as follows:

Victor Salazar, #76902
Idaho State Correctional Institution, Unit 09
P.O. Box 14
Boise, ID 83707

By /s/ *Leslie M. Hayes*
Leslie M. Hayes
Deputy Attorney General