Case No: 1:16-CV-00041   Inmate Name: Victor Salazar
Date: 11-9-17   Inmate IDOC#: 76902
Victor Salazar # 76902   Document Title: Declaration of Victor Salazar
ISCI P.O. Box 14
Boise, Idaho 83707   Total Pages: 4   Inmate Initials Verifying Page Count: VS
Document(s) 6 of 7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

VICTOR SALAZAR )
   Plaintiff )
  )
  )
  )   Case No. 1:16-cv-00041-REB
  )
v. )
  )
  )
  )   DECLARATION OF VICTOR SALAZAR IN
RANDY BLADES; DAVINA LAU; )   SUPPORT OF MOTION FOR CROSS
DEPUTY WARDEN CHRISTENSEN; )   SUMMARY JUDGMENT
ENRICO BONGIOVI; DAWN MAES )
and KEVIN KEMPF )
   Defendants )
_____ )

**VICTOR SALAZAR states:**

1. I am the plaintiff in this case. The complaint alleges that defendants had a duty to protect me from harm and assault by ex gang members, but failed to do so. I submit this declaration in support of my motion for cross summary judgment on my claim of failure to protect.

2. I am currently an inmate housed at ISCI and under the custody and care of the Idaho Department of Corrections.

3. On December 3, 2014 while being housed at ISCC I was assaulted by an ex gang member.

4. On August 28, 2015 while being housed at ISCC I was involved in another physical altercation with an ex gang member.

DECLARATION OF VICTOR SALAZAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT   Pg. 1

6. After the initial assault on December of 2104, I have conversed either in person or through the concern form process with each named defendant about my safety and being forced to be housed around known ex gang members.

7. On December 10, 2014 I sent Defendant Blades a concern about the assault that had happened to me on December 3, 2014. Through this concern and a follow up conversation I raised my concerns about my safety at which time Defendant Blades was specifically informed of my entire situation with ex gang members and my need to be housed away from these individuals. (Dkt.26 Exhibit A)

8. On March 4, 2016 I contacted Defendant Christensen via concern form about the risk to my safety at the hands of ex gang members if I was continued to be housed near them. Defendant Christensen replied, "you will stay where you are for the time being". (Dkt.26 Exhibit C)

9. On March 10, 2016 while housed at IMSI I contacted investigations about my security cconcerns. I discussed with Investigator my need for secure housing away from ex gang members. (Dkt.26 Exhibit E)

10. On March 23, 2016 I again contacted Defendant Blades via concern form, informing him of being moved to IMSI and that I was imminent danger of being assaulted by ex gang members at IMSI. Defendant Blades response was that there was no alert in my file and failed to intervene. (Dkt. 26 Exhibit E)

11. On April 28, 2016 I sent a a conern to Investigators at IMSI about being assaulted in April 2016 by ex gang members at IMSI. (Dkt.26 Exhibit F)

12. I sent concern forms to the following IDOC staff about being assaulted and requesting protection with safe housing:

   A. Lt. Overguard on April 28, 2016 (Dkt. 26 Exhibit F)
   B. Sgt. Govenor on April 28, 2016 (Dkt. 26 Exhibit G & J )
   C. Warden Albert Ramirez (Dkt. 26 Exhibit G)

D. Lt. Kimball on April 28, 2016 (Dkt.26 Exhibit L)

    E. Deputy Warden Kirtley on April 28, 2016 (Dkt.26 Exhibit H)

    F. Sgt. Howard on April 29, 2016 (Dkt.26 Exhibit I )

    G. Sgt. Howard on May 3, 2016 (Dkt.26 Exhibit J )

    H. Sgt. Govenor on May 3, 2016 (Dkt.26 Exhibit J )

    I. Lt. Overguard on May 4, 2016 (Dkt.26 Exhibit K )

13. The procedural history of my case shows that the list of IDOC staff members concerned by me about my safety is extensive and far exceeds the list I have provided above.

14. On or around August 28, 2015 per conversation with Defendant Lau, I informed her of my concerns for my safety if I was moved back to ISCC or any other facility other that ISCI, where I felt secure. Defendant Lau disregarded my plea for help and I was moved from ISCI.

15. After being returned to ISCC and then from there moved to IMSI, on April 27, 2016 I was again assaulted by ex gang members and seriously injured.

16. At least 12 employees of the IDOC, starting from December of 2014 up until the present were either verbally or through written concern informed and made aware of my conflict with ex gang members and my request for secure housing to protect me from these individuals

17. Only after I was attacked on three (3) separate occassions has IDOC taken my security issues serious and placed an alert in my file to provide me with safe housing.

18. In compliance with IDOC policy I filed a administrative grievance and for the purposes of this litigation this matter has been exhausted against the defendants.

DECLARATION OF VICTOR SALAZAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT   Pg. 3

19. For the reasons stated in the brief with this motion and declaration, these undisputed facts as stated here, establish that the defendants did violate my 8th amendment right by failure to protect and accordingly through the clear and convincing facts of this case I am entitled to summary judgment on my claim.

DECLARATION UNDER PENALTY OF PERJURY

I Victor Salazar hereby declares under penalty of perjury, that pursuant to 28 U.S.C §1746, the forgoing is true and correct to the best of my knowledge.

Dated this 9 day of November, 2017.

Victor Salazar
Declarant/Plaintiff

DECLARATION OF VICTOR SALAZAR IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT   Pg.4